IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Crim. No. 06-20050-04-KHV |
| v. ) | |
| ) | Civil No. 09-2359-KHV |
| MARTHA I. FLORES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #318) filed July 6, 2009. For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

On July 16, 2007, pursuant to a plea agreement, defendant pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine in violation of 21 U.S.C. § 846. <u>See</u> <u>Petition To Enter Plea Of Guilty And Order Entering Plea</u> (Doc. #160). On March 24, 2008, the Court sentenced defendant to 84 months in prison.

Defendant did not appeal, but on July 6, 2009 she filed a motion to vacate her sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that (1) the Court improperly applied a two-level enhancement for her role in the offense and (2) defense counsel was ineffective in not letting defendant personally inspect discovery materials.

**Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that

the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

### I.    Procedural Bar – Statute Of Limitations

Section 2255 provides a one-year period of limitation for motions brought under that section. 28 U.S.C. § 2255. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Because defendant did not file a direct appeal, her conviction was final on April 7, 2008 – ten business days after the Court entered judgment. Accordingly, her motion is not timely under subsection (1).

Defendant states that she filed her Section 2255 motion on March 22, 2009, but the Clerk returned it with instructions to re-file it because a page was missing. The docket sheet does not reflect that defendant attempted to file her motion before July 6, 2009. In any event, for purposes of this motion, the Court assumes that the Clerk rejected defendant's motion on March 22, 2009 because a page was missing. In such a scenario, particularly given the deadline of April 7, the Clerk should have accepted and filed defendant's motion with instructions to defendant to file the additional page as soon as possible. Assuming that defendant timely filed the Section 2255, the

Court addresses the substantive merit of defendant's motion.

**II.     Substantive Merit Of Defendant's Motion**

    A.     Sentencing Enhancement (Claim 1)

Defendant argues that the Court improperly applied a two-level enhancement for her role in the offense under the United States Sentencing Guidelines ("U.S.S.G.") § 3B1.1(c). The gravamen of this enhancement is control, organization and responsibility for the actions of other individuals. United States v. Albers, 93 F.3d 1469, 1488 (10th Cir. 1996). A wholesaler/retailer or buyer/seller relationship is insufficient to warrant an increase for role in the offense. United States v. Griffin, 260 Fed. Appx. 76, 78 (10th Cir. 2008) (citing United States v. Owens, 70 F.3d 1118, 1129 (10th Cir. 1995)).

Here, the plea agreement and the Presentence Investigation Report ("PSIR") establish that defendant owned numerous pieces of real estate in Kansas City and rented at least two of them to Jose Alvarado-Valencia to facilitate the trafficking of illegal narcotics. See Plea Agreement ¶ 2, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #160) filed July 16, 2007; PSIR ¶ 32. Moreover, Roxanna Sanchez indicated that she was actively involved in distributing crystal methamphetamine and cocaine for defendant. See PSIR ¶¶ 33, 43, 113, 117. In addition, at one meeting between defendant and a confidential source on May 25, 2005, the confidential source purchased 253.8 net grams of cocaine. See Plea Agreement ¶ 2; PSIR ¶ 35. At the meeting, defendant indicated that she still had five to six kilograms of cocaine to sell from a recent shipment. See id. Defendant told the confidential informant on more than one occasion that she preferred to deal in kilogram quantities. See PSIR ¶ 125. On July 13, 2005, the confidential informant purchased an additional 248.8 net grams of cocaine. See Plea Agreement ¶ 2; PSIR ¶ 37.

The PSIR notes that defendant was responsible for many drugs with a high level of purity, which indicates that she had a higher role or position in the chain of distribution. See PSIR ¶ 107. Based on these facts, particularly the statement by Roxanna Sanchez that she sold crystal methamphetamine and cocaine for defendant, the Court properly applied a two-level enhancement for defendant's managerial or supervisory role in the offense.[1] See, e.g., United States v. Moore, 919 F.2d 1471, 1477 (10th Cir. 1990) (enhancement warranted where defendant exercised control over doorman to house from which he sold drugs); United States v. Backas, 901 F.2d 1528, 1529-30 (10th Cir. 1990) (Section 3B1.1(c) satisfied upon showing that defendant exercised any degree of direction or control over someone subordinate to him in scheme), cert. denied, 498 U.S. 870 (1990). The Court therefore overrules defendant's motion based on the enhancement for her role in the offense.[2]

---

[1] Defendant's claim appears to be procedurally barred because in her plea agreement, she knowingly and voluntarily waived any right to collaterally attack her sentence. See United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived her rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); see United States v. McMillon, No. 02-20062-01-JWL, 2004 WL 2660641, at *3 (D. Kan. Nov. 19, 2004). Based on the language of the plea agreement and the Rule 11 colloquy, it appears that defendant's waiver of her rights is enforceable. Because defendant's argument as to the sentence enhancement lacks substantive merit, the Court need not decide whether the waiver in the plea agreement is enforceable.

[2] To the extent that defendant's motion could be liberally construed to assert a claim of ineffective assistance of counsel for failure to object to the sentencing enhancement, the Court overrules defendant's argument. First, counsel's performance was not deficient because he objected to several of the factual findings which supported the enhancement. See PSIR ¶¶ 115, 119, 123. In addition, defendant has not shown a reasonable probability that had her counsel framed the objection differently, the Court would have imposed a different sentence. See United States v.

(continued...)

B.    Ineffective Assistance – Failure To Give Defendant Access To Discovery (Claim 2)

Defendant argues that defense counsel was ineffective in not letting her personally inspect discovery materials. To establish ineffective assistance, defendant must show (1) that the performance of counsel was deficient and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see Rantz, 862 F.2d at 810. As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

Defendant argues that counsel was ineffective because he did not allow her to personally inspect discovery materials in her case. Defendant has not shown how counsel's performance was deficient. Courts often limit disclosure of sensitive documents to counsel and prohibit criminal

---

[2](...continued)
Hemsley, 287 Fed. Appx. 649, 650 (10th Cir. 2008); United States v. Rantz, 862 F.2d 808, 810-11 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989).

defendants from removing or copying such materials.[3]  Defendant has not shown that she had a particularized need to personally inspect any discovery materials.  In addition, defendant has not shown how counsel's failure to let her personally inspect discovery materials affected her decision to plead guilty.  See Hill v. Lockhart, 474 U.S. 52, 59 (1985) (in context of guilty plea, to show prejudice, defendant must show reasonable probability that but for counsel's errors, he would not have pleaded guilty).  Accordingly, defendant has not established any prejudice by the lack of personal access to discovery materials.  In sum, defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice."  Davis, 417 U.S. at 346.

### III. Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief.  Accordingly, no evidentiary hearing or response by the government is required.  See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #318) filed July 6, 2009 be and hereby is **OVERRULED**.

---

[3]  See United States v. Deering, 179 F.3d 592, 596 (8th Cir.) (district court did not abuse discretion in allowing only defendant's stand-by counsel to inspect government file), cert. denied, 528 U.S. 945 (1999); United States v. Birbragher, No. 07-cr-1023-LRR, 2008 WL 2246913, at *2 (N.D. Iowa May 29, 2008) (defendant has no absolute right to personally inspect or copy documents in government file); see also United States v. Williams, No. S1-00-cr-1008, 2005 WL 664933, at *1 (S.D.N.Y. Mar. 22, 2005) (permitting defendant to personally review sensitive materials only if defense counsel or defense counsel's staff present).

Dated this 1st day of September, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
