# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 06-20050-04-KHV |
| MARTHA I. FLORES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #321) filed September 24, 2009. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On July 16, 2007, pursuant to a plea agreement, defendant pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine in violation of 21 U.S.C. § 846. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #160). On March 24, 2008, the Court sentenced defendant to 84 months in prison.

Defendant did not appeal, but on July 6, 2009 she filed a motion to vacate her sentence under 28 U.S.C. § 2255. On September 1, 2009, the Court overruled defendant's Section 2255 motion. On September 24, 2009, defendant filed the instant motion to reduce her sentence under 18 U.S.C. § 3582(c)(2).

## Analysis

Defendant asks the Court to modify her term of imprisonment under 18 U.S.C. § 3582(c)(2).

In particular, defendant relies on the amendments to the sentencing guidelines on (1) offenses involving crack cocaine and (2) calculation of criminal history points. See United States Sentencing Commission, Guidelines Manual, Supp. to Appendix C, Amendments 706 (crack cocaine), 709 (criminal history) and 711 (crack cocaine). Initially, the Court overrules defendant's motion because defendant relies on amendments which were already incorporated in the Sentencing Guidelines at the time the Court sentenced her. See PSIR ¶ 49 (applying November 1, 2007 edition of Sentencing Guidelines). To the extent that defendant's motion could be construed to seek relief under subsequent amendments related to offenses involving crack cocaine and criminal history points, the Court overrules it.

Section 3582(c)(2) authorizes the district court to reduce a term of imprisonment where the Sentencing Commission has lowered the sentencing range pursuant to 28 U.S.C. § 994(o) and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.10(a)(2), one of the applicable policy statements, provides that a reduction in sentence is not authorized if the retroactive amendments do not apply to the defendant or do not have the effect of lowering the applicable guideline range.

Effective May 1, 2008, Amendment 715 changed the calculation of base offense levels for offenses involving cocaine base (crack cocaine) coupled with other controlled substances.[1] In

---

[1] In November 2007, in an attempt to alleviate some of the disparities between sentences involving crack cocaine and those involving powder cocaine, the United States Sentencing Commission implemented Amendment 706 to the Guidelines, providing a two-level reduction in the base offense level for crack cocaine offenses. United States v. Thurston, No. 09-6025, 2009 WL 1927184, at *1 (10th Cir. July 7, 2009). Many defendants in cases involving solely crack cocaine received this reduction, but some defendants in cases involving offense levels determined based on crack cocaine and other controlled substances did not receive the two-level reduction. To remedy this problem, the Sentencing Commission implemented Amendment 715 which allows for a
(continued...)

particular, the amendment provides for a two-level reduction in the base offense level unless (1) the offense involved 4.5 kg or more, or less than 250 mg, of cocaine base or (2) the two-level reduction results in a combined offense level which is less than the combined offense level that would apply if the offense involved only the other controlled substances (i.e. controlled substances other than cocaine base). Here, at sentencing, the parties agreed that defendant possessed 50 to 150 kilograms of powder cocaine. The amount of powder cocaine by itself resulted in a base offense level of 36. When combined with the methamphetamine (.25 grams) and cocaine base (18.5 grams) attributed to defendant, the base offense level remained at 36. Because a two-level reduction in the base offense level would result in a lower combined offense level (34) than the offense level that would apply if the offense involved only powder cocaine, the second exception to Amendment 715 applies. See Thurston, 2009 WL 1927184, at *1. Accordingly, defendant is not entitled to relief under Amendment 715.

Defendant also is not entitled to relief under subsequent amendments related to the calculation of criminal history points. At sentencing, the Court determined that defendant had zero criminal history points and that her criminal history category was I (the lowest level). See PSIR ¶ 63. Accordingly, she is not entitled to relief.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary

---

[1](...continued)
two-level reduction in a defendant's base offense level if his conduct involved crack cocaine and another controlled substance. See id.

-3-

circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)-(2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. See United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008) (district court cannot re-sentence based on Section 3553(a) factors unless defendant's guideline range has been lowered as required by Section 3582(c)(2)).

**IT IS THEREFORE ORDERED** that defendant's Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #321) filed September 24, 2009 be and hereby is **OVERRULED**.

Dated this 30th day of November, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge