**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 06-20050-04-KHV |
| MARTHA I. FLORES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion For A Downward Departure (Doc. #327) filed July 6, 2010. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On July 16, 2007, pursuant to a plea agreement, defendant pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine in violation of 21 U.S.C. § 846. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #160). On March 24, 2008, the Court sentenced defendant to 84 months in prison.

Defendant did not appeal, but on July 6, 2009 she filed a motion to vacate her sentence under 28 U.S.C. § 2255. On September 1, 2009, the Court overruled defendant's Section 2255 motion. On September 24, 2009, defendant filed a motion to reduce her sentence under 18 U.S.C. § 3582(c)(2). On November 30, 2009, the Court overruled defendant's motion.

## Analysis

Defendant now asks the Court to grant her a downward departure and modify her term of imprisonment based on post-conviction rehabilitation. A federal district court may modify a

defendant's sentence only where Congress has expressly authorized it to do so. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See id.; Fed. R. Civ. P. 35 (authorizes resentencing to correct illegal sentence on remand from court of appeals, to reflect defendant's substantial assistance on motion of the government, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Civ. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.[1]

**IT IS THEREFORE ORDERED** that defendant's Motion For A Downward Departure

---

[1] The Court commends defendant's participation and apparent success in many prison programs. Although a district court may reduce a defendant's offense level based on exceptional post-offense rehabilitation, it can only make such a reduction at the time of sentencing or resentencing. As explained above, the Court does not have authority to do so at this time. None of the authorities cited by defendant confer jurisdiction for this Court to resentence defendant based solely on rehabilitation efforts. See Fed. R. Crim. P. 47 (form of motions and affidavits); Fed. R. Crim. P. 56(a) (district court considered always open for any filing); 28 U.S.C. § 452 (all courts shall be deemed always open for filing purposes); 28 U.S.C. § 453 (oaths of justices and judges); U.S.S.G. § 3E1.1 (in determining acceptance of responsibility adjustment, court must consider post-offense rehabilitation efforts).

(Doc. #327) filed July 6, 2010 be and hereby is **OVERRULED**.

Dated this 3rd day of August, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
